## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| | |
|---|---|
| **United States District Court** | District of Rhode Island |
| Name (under which you were convicted): Arthur D'Amario | [redacted] Docket or Case No.: 05 236 |
| Place of Confinement: Wyatt Detention Center, Central Falls, RI | Prisoner No.: 02989-070 |
| Petitioner (include the name under which you were convicted): Arthur D'Amario | Respondent (authorized person having custody of petitioner): v. Justices of Superior Court of R.I. |
| The Attorney General of the State of Rhode Island | |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: R.I. Superior Court, 250 Benefit St., Providence, RI 02903

   (b) Criminal docket or case number (if you know): P2/96-0548A;

2. (a) Date of the judgment of conviction (if you know): Oct. 8, 1996

   (b) Date of sentencing: Oct. 8, 1996, and Mar. 13, 2000 (revocation sentence)

3. Length of sentence: 350 days incarceration

4. In this case, were you convicted on more than one count or of more than one crime? Yes ☒ No ☐

5. Identify all crimes of which you were convicted and sentenced in this case: disorderly conduct and obstruction of judicial officer, RIGL § 11-32-3, plus violation of probation on Feb. 19, 1999.

6. (a) What was your plea? (Check one)

   (1) Not guilty ☐ (3) Nolo contendere (no contest) ☒

   (2) Guilty ☐ (4) Insanity plea ☐

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? I pled no contest to the misdemeanor and felony, but denied violating probation.

_______________________________________________

_______________________________________________

(c) If you went to trial, what kind of trial did you have? (Check one)

Jury ☐ Judge only ☐

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

Yes ☐ No ☒

8. Did you appeal from the judgment of conviction?

Yes ☐ No ☒

9. If you did appeal, answer the following:

(a) Name of court: _______________

(b) Docket or case number (if you know): _______________

(c) Result: _______________

(d) Date of result (if you know): _______________

(e) Citation to the case (if you know): _______________

(f) Grounds raised: _______________

_______________________________________________

_______________________________________________

_______________________________________________

_______________________________________________

_______________________________________________

(g) Did you seek further review by a higher state court? Yes ☐ No ☐

If yes, answer the following:

(1) Name of court: _______________

(2) Docket or case number (if you know): _______________

(3) Result: _______________

_______________________________________________

(4) Date of result (if you know): _______________

(5) Citation to the case (if you know): _______________

(6) Grounds raised: _______________

_______________________________________________

_______________________________________________

_______________________________________________

(h) Did you file a petition for certiorari in the United States Supreme Court? Yes ☐ No ☒

If yes, answer the following:

(1) Docket or case number (if you know): _______________

(2) Result: ______

(3) Date of result (if you know): ______

(4) Citation to the case (if you know): ______

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

Yes ☒ No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Superior Court

(2) Docket or case number (if you know): P2/96-0548A

(3) Date of filing (if you know): 1999

(4) Nature of the proceeding: motion to withdraw nolo plea

(5) Grounds raised: Plea was coerced through prison's denial of essential medical services; new evidence that Strike Force was engaged in widespread fraud and warrants were being invalidated.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes ☐ No ☒

(7) Result: motion denied

(8) Date of result (if you know): Oct. 5, 1999

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Superior Court

(2) Docket or case number (if you know): PM 01-1305

(3) Date of filing (if you know): 2001

(4) Nature of the proceeding: Postconviction motion, RIGL § 10-9.1-1(a)

(5) Grounds raised: Defective plea colloquy; coerced plea; unconstitutional plea; biased judge; concealment by state of Strike Force abuses and exculpatory evidence; unconstitutionality of § 11-32-3; ineffective assistance of Ed Roy; denial of counsel at critical stage of proceedings; perjury by state witnesses

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes ☐ No ☒

(7) Result: Petition dismissed with prejudice

(8) Date of result (if you know): March 2005

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes ☐ No ☐

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: Yes ☐ No ☒

(2) Second petition: Yes ☐ No ☒

(3) Third petition: Yes ☐ No ☐

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

I am not allowed in Rhode Island, nor am I allowed in any RI state court or the buildings which house them. I mailed in a Notice of Appeal in No. PM 01-1305 in March 2005 but could not be heard on my motion to appeal in-forma-pauperis due to banishment, so the appeal wasn't docketed. The RI Supreme Court will not let me in its courtroom anyway because its justices all hate me.

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: The nolo plea of 10/8/96 was coerced, the colloquy was defective, and even if consensual the plea was unconstitutional and void.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): I was not competent to plead due to pnuemonia and fever which the ACI would not treat due to its policy of deliberate indifference toward detainees in 1996. Judge Goldberg knew I was very sick and avoided the topic during the colloquy because she was conflicted and biased and eager to convict me. Both the plea and sentence of banishment are against public policy and illegal, nor does a sentencing judge have authority to banish and to dismiss civil cases in which the accused is a party plaintiff.

(b) If you did not exhaust your state remedies on Ground One, explain why: Judge Clifton has banned me from the Superior Court; Justice Weisberger has banished me from the RI Supreme Court, and Judge Smith has kicked me out of Rhode Island. Also, RI has no in-forma-pauperis statute and I'm destitute.

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why: ____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes ☒ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: postconviction petition

Name and location of the court where the motion or petition was filed: Superior

Docket or case number (if you know): PM 01-1305

Date of the court's decision: March 2005

Result (attach a copy of the court's opinion or order, if available):
Dismissed with prejudice

(3) Did you receive a hearing on your motion or petition?

Yes ☐ No ☒

(4) Did you appeal from the denial of your motion or petition?

Yes ☐ No ☒

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: I mailed in a timely notice of appeal from Arizona, but the case was not docketed on appeal because I can't afford the filing fee and am not allowed into RI to press a motion to appeal in forma pauperis. Moreover, the RI Supreme Court won't allow me in its courtroom.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: I have asked numerous RI lawyers to appear for me while in exile; all have refused.

GROUND TWO: The convictions lacked factual support and my conduct was not criminal and, regardless, the State breached our plea deal.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
On 8/1/96, I insulted Asst. A.G. James R. Lee by calling him an "incompetent jackass" in front of his friends, which is Free Speech and not disorderly conduct. My 12/21/95 letter to lawyer Gerald C. DeMaria regarding my hatred of Jametta O. Alston was a satire and lacked the "communication" element needed to convict. Her own incompetence and rulings against her by various

judges are why she could not perform her duties, so she made me her scapegoat. I fully complied with the plea agreement, so as it neared expiration state police framed me for the 2/19/99 revocation, proving it was a fraudulent deal all along.

(b) If you did not exhaust your state remedies on Ground Two, explain why: As previously explained, the state corrective process is defective because it has no in forma pauperis statute, the judges hate me, and I'm not allowed into the courts or the entire state.

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why: ______

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☒ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: postconviction petition

Name and location of the court where the motion or petition was filed: Superior

Docket or case number (if you know): PM 01-1305

Date of the court's decision: March 2005

Result (attach a copy of the court's opinion or order, if available): dismissed

(3) Did you receive a hearing on your motion or petition?

Yes ☐ No ☒

(4) Did you appeal from the denial of your motion or petition?

Yes ☐ No ☒

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______

Docket or case number (if you know): ____________________

Date of the court's decision: ____________________

Result (attach a copy of the court's opinion or order, if available): ____________________

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: As explained, I'm not allowed to appear and appeal.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: I've sought pro bono legal representation, to no avail.

**GROUND THREE:** The judges sponsored a State Police "hit" on me resulting from bias, vindictiveness and paranoia, and were conflicted.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): On 8/30/95, I appeared before the Judicial Nominating Commission to object to Judge Israel's bid for the RI Supreme Court. On 7/27/96, someone smashed judicial officers' car windows on S. Main Street and I was wrongly suspected. In retaliation for these two incidents, the state judges assigned police to frame me with a flurry of trumped-up charges to kick me out of town and keep me jailed if I try to return, while promising police immunity. Judges Israel, Lagueux, DeRobbio and John H. Barrette put this together in '95.

(b) If you did not exhaust your state remedies on Ground Three, explain why: see above

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why: ____________________

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes ☒ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: postconviction petition

Name and location of the court where the motion or petition was filed: Superior

Docket or case number (if you know): PM 01-1305

Date of the court's decision: March 2005

Result (attach a copy of the court's opinion or order, if available): dismissed

(3) Did you receive a hearing on your motion or petition?

Yes ☐ No ☒

(4) Did you appeal from the denial of your motion or petition?

Yes ☐ No ☒

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: see above

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: ______

**GROUND FOUR:** I was denied counsel at a critical stage, and other times suffered ineffective and conflicted counsel.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Len O'Brien could not provide Judge Goldberg with an opinion as to the merit of my med/mal suit against the State (91-5168) because he doesn't know civil litigation and tort law. A med/mal attorney should have been appointed for that purpose. O'Brien failed to take post-plea steps to protect me because he was also working for my accuser, Michael McGreevy of the Strike Force. Ed Roy secretly works for RI State Police and covered up their Feb. 1999 frame-up for future favors. Roy made no effort to defend me and didn't even speak to me. We had no relationship and the court wouldn't let me fire him.

(b) If you did not exhaust your state remedies on Ground Four, explain why: see above

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why: ______

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes ☒ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: postconviction petition

Name and location of the court where the motion or petition was filed: Superior

Docket or case number (if you know): PM 01-1305

Date of the court's decision: March 2005

Result (attach a copy of the court's opinion or order, if available): dismissed

(3) Did you receive a hearing on your motion or petition?

Yes ☐ No ☒

(4) Did you appeal from the denial of your motion or petition?

Yes ☐ No ☒

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: see above

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: ______

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? Yes ☐ No ☒

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: None were presented. I'm living in exile and not allowed in RI or its courtrooms. Every RI judge has joined in the 1995 decision to banish me and blackball me. It is undisputed that no RI judge will ever rule in my favor on any issue.

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: Some grounds may be more clearly presented here. I informed Judge Clifton of my need and desire to amend my postconviction petition, but Judge Smith would not let me appear in court to do so.

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? Yes ☐ No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. ______

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? Yes ☐ No ☒
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. ______

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:
(a) At preliminary hearing: n/a
(b) At arraignment and plea: pro se at arraignment. Len O'Brien at plea, 129 Dyer St., Providence, RI 02903
(c) At trial: n/a
(d) At sentencing: Len O'Brien on 10/8/96; Ed Roy on 3/13/00.
(e) On appeal: n/a
(f) In any post-conviction proceeding: pro se
(g) On appeal from any ruling against you in a post-conviction proceeding: n/a

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☒ No ☐

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: Judge Hornby, U.S. District Court, No. CR 99-024 (D.R.I.)
All state and federal sentences are implemented consecutively.

(b) Give the date the other sentence was imposed: 2005

(c) Give the length of the other sentence: sentencing pending

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? Yes ☒ No ☐

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.* My postconviction petition was not dismissed until March 2005. I've not been allowed to enter a RI courtroom since 1996, except in shackles to be sentenced. Federal and state prison officials have induced delays by constantly seizing and destroying my court files and separating me from reference materials.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(continued...)

## ADDITIONAL GROUNDS

GROUND FIVE: My state jail credit was miscomputed, and I'm owed 131 days toward my RI sentence.

(a) Facts: Ed Roy misinformed Judge Clifton that my state custody commenced Feb. 22, 1999. I'm owed credit for pretrial incarceration from 12/28/95 through 1/12/96, 8/2/96 through 10/8/96, and 2/19/99 through 2/21/99. Roy was ignorant of the facts because he never talked to me or prepared for hearings.

(d) This issue was presented to Judge Clifton under Rule 35(c) and the Postconviction Remedy Act in 2001-02, and he denied relief. I could not appeal because I had no appellate counsel, no ability to attend court to press an in-forma-pauperis motion, and I was exiled out of state.

GROUND SIX: The state sentence ordering dismissal of my medical malpractice suits (Nos. 92-5614 & 91-5168) is illegal and void.

(a) Facts: My med/mal cases were independent of the criminal case and Judge Goldberg had no authority to weigh their merit and order their dismissal as a condition for getting out of jail. Her finding that they were "frivolous" was whimsical and delusional, based on the word of a prosecutor.

(d) This issue was exhausted in the RI Supreme Court on Jan. 21, 1999.

GROUND SEVEN: All arrest warrants were invalid and lacked probable cause.

(a) The Strike Force, James Lee, Jametta O. Alston, Attleboro and Smithfield Police lied and falsified records to prcure each warrant. My ineffective lawyers raised no challenges and, regardless, were not allowed discovery or evidentiary hearings by state judges.

(d) This issue could not be presented to the state courts on postconviction petitions because Judge Clifton and Judge Smith kicked me out of Rhode Island and the Licht Judicial Complex.

The initial Strike Force frame-up occurred ten years ago, and the delays strategically caused by the State and losses of evidence necessitate federal intervention without further resort to a state court process that is defective and corrupted.

Therefore, petitioner asks that the Court grant the following relief: vacatur of the two convictions of Oct. 8, 1996, and reversal of the finding of March 13, 2000, of a probation violation, plus an award of full jail credit or any other relief to which petitioner may be entitled.

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on May 25, 2005 (month, date, year).

Executed (signed) on May 25, 2005 (date).

Signature of Petitioner

*(...continued)

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.