CA 05-236 S

COPY

AMENDED PETITION FOR A WRIT OF HABEAS CORPUS

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**~~WESTERN~~ DISTRICT OF ~~MISSOURI~~** MAINE
**_____ DIVISION**

FILED
AUG 15 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

**PERSONS IN STATE CUSTODY** AMENDED **APPLICATION FOR HABEAS CORPUS UNDER 28 U.S.C. SECTION 2254**

Name: Arthur D'Amario, III

Prison Number: 02989-070

Place of Confinement: U.S. Medical Center, POB 4000, Springfield, MO 65801-4000

United States District Court __________ District of Maine

Case No: 05-236 (to be supplied by Clerk of the U.S. District Court)

Arthur D'Amario, III
PETITIONER
(Your Full Name)

v.

Patrick C. Lynch, Rhode Island Attorney General
RESPONDENT
(Name of Warden, Superintendent, Jailer, or authorized person having custody of petitioner.)

and

THE ATTORNEY GENERAL OF THE STATE OF Rhode Island
__________ ADDITIONAL RESPONDENT.

(If petitioner is attacking a judgment which imposed a sentence to be served in the future, petitioner must fill in the name of the state where the judgment was entered. If petitioner has a sentence to be served in the future under a federal judgment which he wishes to attack, petitioner should file a motion under 28 U.S.C. § 2255, in the federal court which entered the judgment.)

**Instructions - Read Carefully**

IN THE UNITED STATES DISTRICT COURT FOR THE
~~WESTERN~~ DISTRICT OF ~~MISSOURI~~ MAINE
__________ DIVISION

AMENDED
**PETITION**

1. Name and location of court which entered the judgment of conviction under attack: RI Superior Court, 250 Benefit St., 5th Floor, Providence, RI 02903.

2. Date of judgment of conviction: Oct. 8, 1996 (probation revoked Mar. 13, 2000)

3. Length of sentence: 386 days imprisonment; amended 3/31/01 to 350 days

4. Nature of offense involved (all counts): 1 count of disorderly conduct; 1 count of obstructing justice (RIGL § 11-32-3); Rule 32(f) Notice of Probation Violation.

5. What was your plea? (Check one)

(a) Not guilty ___

(b) Guilty ___

(c) Nolo Contendere x

If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

I pled nolo to the two complaints, but denied violating probation.

6. Kind of trial: (Check one) (a) Jury ___ (b) Judge only _x_

7. Did you testify at the trial? Yes [ ] No [x]

8. Did you appeal from the judgment of conviction Yes [ ] No [x]

9. If you did appeal, answer the following:

(a) Name of court: ______

(b) Result: ______

(c) Date of result: ______

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes [X] No [ ]

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court: RI Superior Court

(2) Nature of proceeding: Postconviction petition, RIGL § 10-9.1-1(a).

(3) Grounds raised: same as those presented here

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes [ ] No [x]

(5) Result: dismissed

(6) Date of result: March 2005

(b) As to any second petition, application, or motion give the same information: N/A

(1) Name of court: ______

(2) Nature of proceeding: ______

Grounds raised: ______

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes [ ] No [ ]

(5) Result: ______

(6) Date of result: ______

(c) As to any third petition, application, or motion, give the same information:

(1) Name of court: ______

(2) Nature of proceeding: ______

(3) Grounds raised: ______________________________

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes [ ] No [ ]

(5) Result: ______________________________

(6) Date of result: ______________________________

(d) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion? N/A

(1) First petition, etc. Yes [ ] No [ ]

(2) Second petition, etc. Yes [ ] No [ ]

(3) Third petition, etc. Yes [ ] No [ ]

(e) If you did not appeal from the adverse action on any petition, application, or motion, explain why you did not:

A condition of my RI probation was that I not be allowed into any RI court, either in person or on paper, and my lawyer did not challenge it on direct review because he had secretly formed a new attorney-client relationship with my accuser, Michael McGreevy of the Strike Force, who was worth more money to him than me. I could not appeal the dismissal of my postconviction motion (No. 1-1305) because I'm still not allowed into RI or its courts, I can't afford the filing fee, and RI has no in-forma-pauperis statute or procedure. My motion for leave to appeal IFP cannot be heard or decided because I'm banished from the entire state. The court won't assign a new lawyer to me and no one will represent me, anyway, because I'm a pariah who has been blacklisted by the system.

12. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

A. Ground one: The nolo plea (10/8/96) was coerced and involuntary, and the colloquy was defective.

Supporting **FACTS** (tell your story briefly without citing cases or law):

I was not competent to plead because I'd been denied essential medical services and was dying of pneumonia. I took a terrible offer only to gain access to an outside physician. On 10/9/96, I was diagnosed with a 102° fever, a 10-lb. weight loss and pneumonia and in immediate need of medications. Prior to the plea, I was coughing so violently that I kept vomiting all my food, and could not lay down to sleep because I'd choke on mucous. I suffered pounding headaches from sleep-deprivation, and ACI doctors would not examine me even when asked to do so by correctional officer Phil Delaney, who noticed 9/29/96 how sick I'd become. I had to plead when my trial got delayed to at least November, by which time I'd be dead of suffocation. Judge Goldberg admitted to my lawyer, C. Leonard O'Brien, days later that she knew I was seriously ill by my appearance. She avoided the topic during the colloquy deliberately to force through a plea she knew was invalid because she didn't like me. Both charges were extremely weak and defensible, and the elements of the statutes could not be satisfied by the facts. A jury would have acquitted me.

B. Ground two: The State breached our plea deal, even though I conformed with my probation conditions, so the deal must be voided.

The State concealed critical information from my lawyer and me. We were not told that the Strike Force was about to be criminally prosecuted for falsifying records and framing innocent people, and that dozens or even hundreds of Strike Force cases would be dismissed over the same misconduct

Supporting **FACTS** (tell your story briefly without citing cases or law):

that had occurred in my own case (perjury in arrest warrant applications; Miranda violations; falsification of court records). Nor was I told that the order of banishment actually pertained to every court in RI and Massachusetts, state and federal, and that I'd be left with absolutely no enforceable rights and no prospect for judicial redress of grievances. I was not told a libelous WANTED! poster of me would be circulated to every area courtroom to demonize and blacklist me.

The State concealed that in August 1996 its State Police had secretly contacted my girlfriend, Debra Sellers of Attleboro, and engaged her services in setting me up for a later violation of probation. My probation was revoked 2/19/99 after police coaxed Sellers into committing perjury to procure a no-contact order ex parte, so that police could frame me by writing and mailing her anonymous, crank love letters resulting in the Rule 32(f) Notice. State Police typed those letters because they knew I owned a handgun and wanted to get in my home. I wasn't even advised 10/8/96 that firearms are now illegal.

C. Ground three: Judicial bias. The judges collaborated with State Police to repeatedly harass and frame me, and run me out of town over something I didn't even do. Judge Goldberg was vindictively persecuting me and suffered from a conflict of interest.

Supporting **FACTS** (tell your story briefly without citing cases or law):
On 7/27/96, someone vandalized judicial officers' cars on S. Main Street in Providence while I was at Sellers' house in Attleboro all evening. State Police told me 8/2/96 that "everyone" thinks I did it, and a plan was quickly implemented by the judges and Strike Force to annihilate me and make me the fall guy. The judges' animosity arose on 8/30/95, when I appeared before the RI Judicial Nominating Commission to oppose Judge Israel's bid for a vacancy on the RI Supreme Court. A lawyer overheard the judges cursing me that night, so they hired the Strike Force and Debra Sellers to attack me in retaliation for the exercise of Free Speech.

D. Ground four: I was denied counsel at critical stages, and other times experienced ineffective assistance of counsel.

Supporting **FACTS** (tell your story briefly without citing cases or law):
Ed Roy made no effort to defend me from the 2/19/99 revocation, and never even spoke to me, otherwise I'd have successfully defended the 32(f) Notice as I did not write the crank letters and RI law allows both felons and probationers to possess unlicensed firearms in their dwelling.
Len O'Brien is not a tort lawyer and was incapable of reviewing my civil suits to report to Judge Goldberg whether they had merit, so he refused to do so and let the State's allegation of "frivolity" stand uncontested. A med/mal attorney should have been assigned for the task. Nor did Len O'Brien file an appeal or move to withdraw the coerced plea. Roy sold me out to ingratiate himself with the court and has been rewarded for it.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state briefly what grounds were not so presented, and give your reasons for not presenting them:

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack? Yes [ ] No [x]

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing n/a

(b) At arraignment and plea pro se at arraignment; at plea: C. Leonard O'Brien, 129 Dyer St., Providence, RI 02903

(c) At trial n/a

(d) At sentencing Len O'Brien 10/8/96; Ed Roy 3/13/00. Roy is at 10 Weybosset St., Providence, RI 02903

(e) On appeal n/a

(f) In any post-conviction proceeding pro se

(g) On appeal from any adverse ruling in a post-conviction proceeding.

n/a

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time? Yes [x] No [ ]

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack? Yes [x] No [ ]

(a) If so, give name and location of court which imposed sentence to be served in the future:

U.S. District Court at Providence, R.I.; 12-month revocation of supervised release commencing 3/31/05 (No. CR 99-024).

(b) And give date and length of sentence to be served in the future:

Judgment EOD June 10, 2005; 12 months imprisonment (Judge Young).

I am still in custody on my State sentences because all federal and state terms have been run consecutively. GARLOTTE V. FORDICE, 515 U.S. 39 (1995).

(c) Have you filed, or do you contemplate filing any petition attacking the judgment which imposed the sentence to be served in the future?

Yes [x] No [ ] Motion under 28 USC § 2255.

Wherefore, petitioner prays that the Court grant petitioner relief to which petitioner may be entitled in this proceeding.

__________________________
Signature of attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct.

Executed (signed) this 6TH day of August ,2005.

Arthur D'Amario III
Signature of Petitioner
Arthur D'Amario, III 02989-070