FILED
SEP 23 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

RECEIVED
2005 SEP 21 P 2:56
Property of U.S. District Court
District of Rhode Island

ARTHUR D'AMARIO, III, )
Petitioner )
v. ) CIVIL NO. 05-236
)
PATRICK C. LYNCH, RHODE ISLAND )
ATTORNEY GENERAL, )
Respondent )

SCANNED

ORDER TO ANSWER

Arthur D'Amario, III, who is presently confined at the U.S. Medical Center in Springfield, Missouri, has filed with this Court a Petition under Title 28, United States Code, Section 2254 for Writ of Habeas Corpus by a Person in State Custody. The petition was filed on May 27, 2005 and an amended petition was filed on August 15, 2005 and the petitioner has been granted leave to proceed *in forma pauperis*.

The Court having reviewed the file in this matter, hereby ORDERS the Attorney General for the State of Rhode Island to file an answer or otherwise respond[1] to the Petition no later than

---

[1] I invite the State to respond by way of motion to dismiss, reserving its right to respond on the merits of the petition pending resolution of that motion. Pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings I was unable to summarily dismiss the petition because of some discrepancies on the face of the pleading. D'Amario appears to be challenging both the underlying conviction imposed in 1996 and the probation revocation proceedings of March 13, 2000. At first blush it would appear obvious that this 28 U.S.C. § 2254 petition is time barred by the one-year statute of limitation, but D'Amario also alleges that he brought a state post-conviction proceeding that was not resolved until March 2005 and I simply do not have enough information to make a determination regarding the state procedural history of this case. It would also appear to me that even if a state post-conviction proceeding was pending for the last four years, D'Amario would no longer be able to satisfy the "in custody" requirement of Section 2254(a) given that the revocation sentence of which he complains was a sentence of 350 days imprisonment imposed on March 13, 2000. However, D'Amario alleges on page nine of his petition, "I am still in custody on my State sentences because all federal and state terms have been run consecutively." Based upon court records in this and other cases transferred to this court it appears to me that D'Amario is currently in federal custody, not state custody.

November 28, 2005.

Margaret J. Kravchuk
U. S. Magistrate Judge

Dated this 21st day of September, 2005.

---

However, it is, I suppose, conceivable that the sentence on his probation revocation has not yet been discharged and he could therefore satisfy the "in custody" requirement. I invite the state to address these issues and any other issues it deems appropriate by way of a motion to dismiss this petition.