**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ARTHUR D'AMARIO, III,** <br> **Petitioner** | : <br> : | |
| v. | : <br> : | **C.A. NO. 2005-236 S** |
| **PATRICK C. LYNCH, RHODE ISLAND ATTORNEY GENERAL,** <br> **Respondent** | : <br> : <br> : | |

**STATE OF RHODE ISLAND'S MOTION TO DISMISS PETITIONER'S HABEAS CORPUS PETITION**

Now comes the State of Rhode Island, by and through its attorneys, and hereby moves, for the reasons expressed in the accompanying supporting memorandum, to dismiss the petitioner's application for a writ of habeas corpus.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By Its Attorneys,
**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

**GERALD J. COYNE, #2915**
**DEPUTY ATTORNEY GENERAL**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

**CERTIFICATION**

I hereby certify that on the 28th day of November, 2005, I placed a copy of the within document in the U.S. mail, postage prepaid, to Arthur D'Amario III, Pro Se, #02989-070, U.S. Medical Center, POB 4000, Springfield, MO 65801-4000.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ARTHUR D'AMARIO, III,**<br>**Petitioner** | : | |
| **v.** | : | **C.A. NO. 2005-236 S** |
| **PATRICK C. LYNCH, RHODE ISLAND ATTORNEY GENERAL,**<br>**Respondent** | : | |

**MEMORANDUM IN SUPPORT OF STATE OF RHODE ISLAND'S MOTION TO DISMISS PETITIONER'S HABEAS CORPUS PETITION**

Petitioner, Arthur D'Amario, III, has filed a Habeas Corpus Petition pursuant to 28 U.S.C. § 2254 in the United States District Court for the District of Rhode Island. The original petition was filed on May 27, 2005 and an amended petition was filed on August 15, 2005. The State of Rhode Island moves to dismiss petitioner's habeas request since D'Amario is not a Person in State Custody as required by 28 U.S.C. § 2254 and the court therefore does not have subject matter jurisdiction over this claim and also since he has not exhausted his administrative remedies.

**Facts**

As D'Amario asserts in his Amended Petition, on October 8, 1996 he pled *nolo contendere* to one felony count of obstruction of the judicial system in violation of Rhode Island General Laws § 11-23-3 *See* "Criminal Docket Sheet Report", P2-1996-0548A (Attached Hereto as Exhibit A) and to one misdemeanor count of disorderly conduct in violation of Rhode Island General Laws § 11-45-1 *See* "Criminal Docket Sheet Report" P2-1996- 3450A (Attached Hereto as Exhibit B). The hearing justice (Goldberg, J.)

sentenced petitioner to eighteen months imprisonment, suspended, and three years probation for the felony and to a concurrent year of probation for the misdemeanor.[1]

On February 12, 1999, within the three year probationary period, the State filed a Violation Notice, pursuant to Rhode Island General Laws § 12-12-9 and Superior Court Rules of Criminal Procedure 32 (f). The basis of the violation was that D'Amario was in possession of illegal handguns for which he was also charged, tried and convicted in Federal Court (CR 99-24 ML). On March 13, 2000, defendant and his counsel (Attorney Roy) appeared in Providence County Superior Court and "waived his right to the violation hearing and admitted he was a violator." *See* State v. D'Amario, 2001 WL 13314 (R.I. Super., January 2, 2001), p. 2 (Attached Hereto as Exhibit D). He was then sentenced to serve 386 days of the original eighteen month suspended sentence. However, petitioner was also credited for time served from February 22, 1999 to March 13, 2000. State v. D'Amario, 2001 WL 13314 (R.I. Super., January 2, 2001), p. 2. Therefore, once D'Amario completed serving his time for the violation in March of 2000 he had completed serving *all* of his state time. He had no state sentence or probation remaining as a result of his 1996 convictions or his 2000 violation, as of March of 2000. Federal Marshalls picked up D'Amario from the Adult Correctional Institutions on March 23, 2000.

**Discussion**

The Anti-terrorism and Effective Death Penalty Act ("AEDPA") gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons

[1] D'Amario subsequently challenged the plea agreement in a motion to correct an illegal sentence which was the subject of a 1999 Rhode Island Supreme Court decision, wherein the events of 1996 are discussed. *See* State v. D'Amario, 725 A.2d 276 (R.I. 1999)(Attached Hereto as Exhibit C).

who are "in custody" in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). This statutory language has been interpreted to require that the habeas petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989). Custody is determined at the time the habeas petition is filed. *See* Omosefunmi v. Attorney General of the Commonwealth of Massachusetts, 152 F.Supp.2d 42, 53 (D.Mass 2001). While physical confinement is not necessary, as in the case where petitioner has been placed on parole at the time of filing, custody "does require that the person be subject to restraints not imposed on the public generally and at least be under some manner of continuing government supervision." Tinder v. Paula, 725 F.2d 801, 803 (1st Cir. 1984). A "sentence that has been fully served does not satisfy the custody requirement of the habeas statute, despite the collateral consequences that generally attend a criminal conviction." *Id.*

In the case at bar, petitioner cites Garlotte v. Fordice, 515 U.S. 39 (1995) in support of his proposition that "I am still in custody on my State sentences because all federal and state terms have been run consecutively." *Petitioner's Amended Petition for a Writ of Habeas Corpus*, p. 12. Garlotte specifically holds that a petitioner who is serving consecutive *state sentences* is "in custody" and may attack the sentence scheduled to run first, even after it has expired, until all sentences have been served. Garlotte v. Fordice, 515 U.S. at 45-47. It does not address the issue of an expired state sentence followed by a subsequent and unrelated federal sentence. Petitioner is unable to satisfy the requirements of § 2254 (a) because he is no longer "in custody" pursuant to the state court judgment he is challenging. Because D'Amario is no longer serving the

sentence for his 1996 convictions, he "cannot bring a federal habeas action directed solely at those convictions." Lackawanna County District Attorney v. Coss, 532 U.S. 394, 394 (2001). *See also* Allen v. Oregon, 153 F.3d 1046, 1048 (9th Cir. 1998)("Garlotte applies only when the petitioner is still in the custody of the same sovereign responsible for the challenged conviction.") *and* Young v. Vaughn, 83 F.3d 72, 73 (3rd Cir. 1996)(petitioner must be "in custody" pursuant to the conviction or sentence he seeks to attack).

Avenues for review are not available indefinitely and without limitation in light of the need for "finality of convictions and ease of administration." Lackawanna County District Attorney v. Coss, 532 U.S. at 402-03. *See also* Daniels v. United States, 532 U.S. 374, 381 (2001). Here, petitioner is not challenging the federal sentence he is currently serving as "enhanced" and has challenged only his 1996 state conviction and 2000 probation violation, both of which expired prior to the current habeas filing, and even prior to the filing of his state motion for post conviction relief. *See* D'Amario v. State, 2005 WL 372214 (R.I. Super. February 9, 2005)(Attached Hereto as Exhibit E). Once a state court sentence has expired, the collateral consequences of the conviction are not sufficient to satisfy the "in custody" requirements for purposes of a challenge to those expired state convictions. Cook v. Maleng, 490 U.S. at 492.

Additionally, D'Amario has failed to exhaust his administrative remedies. Prior to bringing a claim for habeas relief, petitioner must give the state courts an opportunity to act on each of his claims before he presents those claims to a federal court. *See* 28 U.S.C. § 2254 (b)(1). To comply with this exhaustion requirement, petitioner must fairly present his claims to the highest court with jurisdiction to consider them. Keeney v.

Tamayo-Reyes, 504 U.S. 1, 9 (1992). A claim is not considered exhausted if the petitioner "has the right under the law of the state to raise, by any procedure available, the question presented." 28 U.S.C. § 2254.

Pursuant to a March 7, 1996 Order of the Providence County Superior Court (Attached Hereto as Exhibit F), petitioner was sanctioned for violating Rhode Island Superior Court Rules of Civil Procedure Rule 11 entitled "Signing of pleadings, motions and other papers; sanctions", which seeks to ensure that documents are not filed "for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation". Although the order itself specifically permitted D'Amario to appeal from the order without paying the fine, *he did not do so*. To this day the fine has not been paid and the Rhode Island Supreme Court therefore refused to consider the merits of D'Amario's petition. *See* Order of October 17, 2005 (Attached Hereto as Exhibit G). D'Amario has not complied with this condition imposed upon him as a particularly abusive filer and has therefore not properly filed an appeal of the denial of his post conviction relief claim, thereby preventing the court from considering the merits of his claims. *See* Martin v. District of Columbia Court of Appeals, 506 U.S. 1, 2 (1992)(United States Supreme Court directed its clerk "not to accept any further petitions for certiorari from Martin [a notorious abuser of the Court's process] in noncriminal matters unless he pays the docketing fee required by Rule 38 and submits his petition in compliance with Rule 33.").

**Conclusion**

Wherefore, the State would respectfully ask that its motion to dismiss the above-captioned petition for writ of habeas corpus be granted.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By Its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

**GERALD J. COYNE, #2915**
**DEPUTY ATTORNEY GENERAL**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

**CERTIFICATION**

I hereby certify that on the 28th day of November, 2005, I placed a copy of the within document in the U.S. mail, postage prepaid, to Arthur D'Amario III, Pro Se, #02989-070, U.S. Medical Center, POB 4000, Springfield, MO 65801-4000.