U.S. DISTRICT COURT
DISTRICT OF MAINE
2005 DEC 29 A 9:42
DEPUTY CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ARTHUR D'AMARIO III,<br>Petitioner | ) | |
| vs. | ) | C.A. NO. 2005-236 |
| PATRICK G. LYNCH,<br>ATTORNEY GENERAL for the<br>STATE OF RHODE ISLAND,<br><br>Respondent | ) | |

**RECOMMENDED DECISION**

Arthur D'Amario III has filed a petition under 28 U.S.C. § 2254 seeking to vacate his 1996 convictions for disorderly conduct and obstruction of the judicial system in violation of the laws of the State of Rhode Island. An informative history of D'Amario's state court proceedings in connection with these convictions is set forth in D'Amario v. State of Rhode Island, No. PM 2001-1305, 2005 WL 372214 (R.I. Super. Ct. Feb. 9, 2005), a decision generated by D'Amario's amended petition for post-conviction relief filed in the Rhode Island Superior Court on March 9, 2001. I set forth the relevant portion of that history below:

> On October 8, 1996, Mr. D'Amario pleaded *nolo contendre* to one felony count of obstruction of the judicial system, in violation of § 11-32-3 (No. P2/96-0548A), and one misdemeanor count of disorderly conduct, in violation of § 11-45-1 (No. P2/96-3450A). The Court, *Goldberg, J.*, sentenced him to eighteen months imprisonment, suspended, and three years probation for the felony, and one year of probation for the misdemeanor.

> Subsequently, Mr. D'Amario was charged in the United States District Court, District of Rhode Island, with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On February 22, 1999, the State of Rhode Island, based upon facts underlying the federal offense, presented Mr. D'Amario as a violator of his suspended sentence, pursuant to Super. R.Crim. P. 32(f). On March 10, 2000, the United States District Court, *DiClerico, J.,* sentenced Mr. D'Amario to 18 months imprisonment (No. CR 99-24ML). On March 13, 2000, the Court, *Clifton, J.,* without objection and pursuant to Rhode Island Evidence Rule 201(b), took "judicial notice" of Mr. D'Amario's federal conviction, and found Mr. D'Amario to be in violation of his suspended sentence previously imposed in P2/96-0548A and P2/96-3450A. Accordingly, the Court removed part of the suspended sentence, ordering Mr. D'Amario to serve an agreed upon term of 386 days, retroactive to February 22, 1999.
>
> On March 9, 2001, Mr. D'Amario filed a petition for post-conviction relief with the Court, subsequently filing an amended petition on January 8, 2002. On May 17, 2002, Christopher Gontarz, Esq., Mr. D'Amario's appointed attorney filed a no merit memorandum and accompanying motion to withdraw, pursuant to procedures set forth by the Rhode Island Supreme Court in the case of Shatney v. State, 755 A.2d 130 (2000). On June 6, 2002, the Court, *Fortunato, J.,* granted Mr. Gontarz's motion to withdraw.
>
> This Court now reviews Mr. D'Amario's pro se petition for post-conviction relief. Mr. D'Amario requests his felony and misdemeanor convictions be vacated, his Rule 32(f) violation be vacated, and that a 1996 order concerning civil actions be vacated. In the event his misdemeanor conviction is not vacated, Mr. D'Amario alternatively seeks reduction of that sentence to six months probation.

Id. at *1.

The Rhode Island Superior Court then proceeded to analyze the merits of each of the grounds raised by D'Amario in his state post-conviction petition and determined that each ground was without merit and the petition should be dismissed. Apparently when D'Amario attempted to appeal from this decision, the Supreme Court of Rhode Island issued an order, dated October 17, 2005, declining to entertain any filings from D'Amario because of a 1996 Superior Court Order imposing a $500.00 fine against D'Amario as a sanction under Super. R. Civ. P. Rule 11 and prohibiting D'Amario from filing any pleading, except an appeal from the Rule 11 sanction, until the fine was paid. According

to the Rhode Island Supreme Court the fine has never been paid. (State's Appendix, Ex. G; Pet'r's Decl., Ex. 1.)

D'Amario has now filed an amended 28 U.S.C. § 2254 petition (Docket No. 8) raising four separate grounds. They are as follows: (1) the October 8, 1996, plea colloquy was defective and the plea itself was coerced and involuntary; (2) the state breached the plea agreement; (3) the Rhode Island judges handling his case were biased against him; and (4) he was denied a court appointed attorney at critical stages of proceedings against him and the counsel provided to him at other times was ineffective. The state has moved to dismiss the petition primarily on the ground that D'Amario is not "in custody" on any state court conviction at this time and therefore he cannot satisfy the jurisdictional prerequisite set forth in 28 U.S.C. § 2241(c)(3). I now recommend the court grant the state's motion to dismiss and dismiss D'Amario's petition.

## DISCUSSION

D'Amario's state sentence had fully expired at the time he filed this federal habeas proceeding on May 27, 2005. Indeed the state sentence was fully served by March 2000, as D'Amario was given retroactive credit for the period of incarceration from February 1999 until his sentencing on the state probation revocation, occurring on March 13, 2000. The law with respect to potential collateral consequences and the "in custody" requirement is clear. The United States Supreme Court addressed this concern in Maleng v. Cook:

> The question presented by this case is whether a habeas petitioner remains "in custody" under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted. We hold that he does not. While we have very liberally construed the "in custody" requirement for

> purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction.

490 U.S. 488, 492 (1989). Even before Maleng was decided, the law in the First Circuit provided that after the expiration of the probationary period, federal habeas corpus relief was unavailable. Tinder v. Paula, 725 F.2d 801, 803 (1st Cir. 1984) ("[A] sentence that has been fully served does not satisfy the custody requirement of the habeas statute, despite the collateral consequences that generally attend a criminal conviction.").

In his declaration under oath, filed December 8, 2005, D'Amario avers that these Rhode Island state convictions were used most recently by United States District Court Judge William Young to enhance a period of imprisonment imposed after D'Amario was found to have violated the terms of his federally imposed supervised release on June 8, 2005. Assuming that D'Amario's assertion is true, the use of these prior convictions to enhance a period of imprisonment for violation of supervised release does not render D'Amario "in custody" for purposes of federal habeas review of these expired state sentences. The enhanced federal sentence is merely a collateral consequence flowing from a state criminal conviction imposed almost a decade ago. Decisions post-Tinder have uniformly recognized that collateral consequences attendant to a prior conviction are insufficient to invoke habeas corpus jurisdiction. See, e.g., Maleng v. Cook, 490 U.S. at 492 (holding that the mere possibility that conviction may be used to enhance sentence in subsequent criminal prosecution is not sufficient to constitute custody); Williamson v. Gregoire, 151 F.3d 1180 (9th Cir.1998) (concluding that the requirement to register as a convicted sex offender did not constitute custody for purposes of habeas corpus relief); Lefkowitz v. Fair, 816 F.2d 17, 19-21 (1st Cir.1987) (determining that revocation of medical license is not sufficient to satisfy habeas corpus "in custody" requirement).

D'Amario also argues that he remains "in custody" under the Rhode Island sentence because "all of his sentences have been implemented consecutively." (Pet'r's Mem. at 1, Docket No. 13.) This scenario of continuous custody was not resolved by Maleng. Amazingly, according to D'Amario he has been in either state or federal custody, either incarcerated or under supervision, since his arrest for these state offenses on December 28, 1995. (See Pet'r's Decl. ¶ 2, Docket No. 14). D'Amario cites Garlotte v. Fordice, 515 U.S. 39 (1995) as standing for the proposition that until the last sentence in a series of sentences is fully served a petitioner can invoke 28 U.S.C. § 2254 to challenge any one of them. In actuality, Garlotte specifically holds that a petitioner who is serving consecutive state sentences is "in custody" and may attack the sentence scheduled to run first, even after it has expired, until all sentences have been served. Id. at 45-47. By the same token federal courts have held that a prisoner in state custody can use 28 U.S.C. § 2255 to attack federal sentences to be served in the future while the petitioner yet remains in state custody. See Desmond v. United States Bd. of Parole, 397 F.2d 386, 389 (1st Cir.1968) ("To be sure, defendant is not physically 'in custody under sentence of a court established by Act of Congress', but if custody is to be construed as single and continuous, we may join the courts as well. There is just as much reason to resolve the legality of resumed incarceration under an existing sentence before such resumption occurs as to resolve the legality of continued incarceration under a consecutive sentence yet to commence."); accord Jackson v. United States, 423 F.2d 1146, 1149 (8th Cir.1970); see also Simmons v. United States, 437 F.2d 156, 159 (5th Cir.1971) ("We agree with the First and Eighth Circuits' construction of section 2255 and therefore join

them in holding that 28 U.S.C. § 2255 is available to a prisoner in state custody attacking a federal sentence scheduled to be served in the future.").

Applying these cases to D'Amario's situation it is apparent that he is not serving consecutive state sentences so he is unlike the petitioner in Garlotte. Nor is D'Amario a prisoner in federal custody seeking to challenge a state sentence he will have to serve in the future, the mirror image of the petitioner in Desmond. Instead, D'Amario, currently in federal custody, seeks to challenge two state convictions from which he was fully discharged in March 2000.

D'Amario's position is strikingly similar to the petitioner's in Allen v. Oregon, 153 F.3d 1046 (9th Cir. 1998). Allen filed a pro se habeas petition on October 30, 1996, challenging 1991 state misdemeanor convictions. Id. at 1047. As a consequence of these state convictions Allen was placed on probation and ultimately ordered to serve two[1] consecutive six-month jail terms as a condition of probation, concurrently with Allen's thirty-six-month state sentence imposed for unrelated state felony convictions. Id. The cumulative jail time served by Allen for the state misdemeanor convictions challenged in the petition was twelve months. Id. At the time of these state sentences Allen was on federal probation in connection with a 1987 federal offense. Id. In 1992 the federal District Court in Oregon sought to revoke Allen's federal probation, based upon the state felony and misdemeanor convictions. Id. In 1994 Allen was convicted of new federal offenses and sentenced to serve forty-six months and also his original 1987 federal probation was revoked based upon inter alia the state misdemeanor convictions, and he was ordered to serve an additional sixty months consecutive to the new federal sentence.

1 The trial court imposed four consecutive six-month sentences, but the appeals court vacated two of the four, citing ex post facto concerns. Id.

Id. Allen was released from state custody directly into federal custody on February 24, 1994. Id. His state probationary period was fully discharged on June 21, 1996. Id.

Allen filed his federal habeas seeking to challenge the state misdemeanor convictions on October 30, 1996. Id. Even though he, like D'Amario, had been in continuous custody, the Ninth Circuit observed the rule of Garlotte applies "only when the petitioner is still in the custody of the same sovereign responsible for the challenged conviction." Id. at 1048.

As D'Amario himself recognizes, the relief he seeks in this petition has no relationship at all to the State of Rhode Island. If he were to prevail, according to D'Amario, his "federal sentence would have to be reduced by at least one month." (Pet'r's Decl. ¶ 3.) D'Amario's petition does not satisfy the "in custody" requirement vis-à-vis the State of Rhode Island and therefore the state's motion to dismiss this 28 U.S.C. § 2254 petition should be granted.[2] D'Amario's current custodial status relates to his federal sentence alone and he cannot challenge that sentence by bringing a § 2254 petition against the Attorney General of Rhode Island.

---

[2] Rhode Island also moves to dismiss this petition on the grounds that D'Amario has not fully exhausted his state court remedies because of his failure to pay the $500.00 sanction imposed upon him in 1996 and the attendant consequence of the Rhode Island Supreme Court's refusal to entertain an appeal from the post-conviction judgment cited earlier in this recommended decision. Given my conclusions regarding the "in custody" requirement I have no reason to address the far more complicated issue of whether D'Amario has fully exhausted state court remedies and whether the failure to pay the sanction provides an independent and adequate state law basis for concluding that D'Amario is procedurally defaulted in the state courts. Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 501 U.S. 722, 729, (1991). Noncompliance with a state procedural rule may preclude federal review: "The [adequate and independent state ground] doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement. In these cases, the state judgment rests on independent and adequate state procedural grounds." Id. at 729-30.

## CONCLUSION

Based upon the foregoing, I recommend the court **GRANT** the motion to dismiss (Docket No. 11) and order dismissal of this 28 U.S.C. § 2254 petition.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection. Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

December 29, 2005.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge