UNITED STATES DISTRICT COURT
DISTRICT OF ~~MAINE~~ Rhode

U.S. DISTRICT COURT
DISTRICT OF MAINE
2006 JAN 20 A 10: 54
DEPUTY CLERK

ARTHUR D'AMARIO, III

v. C.A. No. 5-236-~~P-H~~

PATRICK C. LYNCH

SCANNED

OBJECTION

Petitioner hereby objects to the Recommended Decision reported on Dec. 29, 2005, by the magistrate-judge, for the reasons averred in his attached memorandum of law.

Petitioner, pro se,

[signature] 1-3-06

Arthur D'Amario 02989070
US Medical Center
POB 4000
Springfield, MO 65801-4000

CERTIFICATION

I certify that on Jan. 4, 2006, I mailed copies of this Objection & Memorandum to Gerald J. Coyne, 150 S. Main St., Providence, RI 02903, by prepaid mail.

[signature]
petitioner

Scanned by: [initials]
Folder Location: FNi
File Name: dbh05cv236
Names of Attachments, if any: ________

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ARTHUR D'AMARIO, III

v. C.A. No. 5-236

PATRICK C. LYNCH

MEMORANDUM

The magistrate-judge recommended disposition of this § 2254 petition solely on the ground of lack of state custody, and Petitioner objects. A couple of corrections are necessary.

Petitioner's current federal revocation term was not "enhanced" by the state convictions. Rather, the state judgments were relied on by Judge Young to increase Petitioner's criminal history category on June 8, 2005.

At p. 2, the magistrate-judge misunderstood the nature of the state court obstacle to Petitioner's attempts to pursue state remedies. The RI Supreme Court Order of Oct. 17, 2005, declining to docket mandamus petitions, had nothing to do with the state convictions under attack here.

Those two mandamus petitions sought extra jail credit, and an order for Petitioner's ex-counsel to hand over his case files to the client.

When Judge Clifton dismissed with prejudice Petitioner's Superior Court postconviction petition (No. PM 01-1305) in March 2005, he timely submitted a Notice of Appeal, with a motion for leave to appeal in forma pauperis. But the appeal was never docketed.

As explained in the Amended Petition, Judge Smith threatened to jail Petitioner if he left Arizona (where he was on supervised release) to enter Rhode Island for any reason. Unable to attend state court, Petitioner had no means for arranging a hearing on his IFP motion. Unlike FRAP 24, the RI courts have no IFP procedure, and don't adjudicate motions on submission of a paper record.

With respect to the custody requirement, the magistrate-judge did not delve into a factual issue raised by Petitioner: that state prosecutor Alan Goulart assisted federal authorities in 2000-01 in defeating his Minnesota § 2241 habeas claims for jail credit to prolong his federal detention. If his unduly long federal incarceration (7 years serving an "18" month sentence) was influenced by the State, the Respondent's defense is weakened. This is

an issue of fact necessitating an evidentiary hearing.

All pre-1995 cases cited by the magistrate-judge have been overruled by Garlotte v. Fordice, 515 U.S. 39 (1995) (habeas petitioner remains in custody on every sentence in a continuous series).

The case of Allen v. Oregon, 153 F.3d 1046 (9th Cir. 1998), which narrowed the scope of Garlotte, is isolated, nor is it binding.

Holding that Garlotte pertains to consecutive sentences imposed at different times by different courts are Foster v. Booker, 296 F.3d 947, 950 (10th Cir. 2002), and DeFoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005). The magistrate-judge did not cite nor distinguish them, even though they were referenced in Petitioner's objection to Respondent's motion. Allen is 7 years old and hasn't been relied on by the subsequent Circuits to address the issue.

Reassignment of Petitioner's cases to Maine has changed nothing, and he is invited to only make a record prior to the obligatory dismissal with prejudice. As a pariah throughout New England, who was framed with fake evidence manufactured by ex-Judge Israel, he is entitled to have his cases referred to an outside Circuit, as in In re Nettles, 394 F.3d 1000 (7th Cir. 2005). He is on record as a purported "threat" to the federal judiciary in the First Circuit. U.S. v. D'Amario, 350 F.3d 348 (3d Cir. 2003). While the district court at Portland desires to be fair, § 455(a) mandates recusal of the entire Circuit.

Petitioner, pro se,

Arthur D'Amario III

cc:
Gerald J. Coyne